UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES PARK POLICE 1100 Ohio Drive, SW Washington, DC 20242<br><br>*Defendant*. | Civil Action No. 17-cv-129<br><br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, to compel the United States Park Police ("USPP" or "Defendant"), a component of the National Park Service, to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

3. On August 23, 2016, Plaintiff sent a FOIA request via U.S. first class mail and by fax to Defendant seeking records concerning USPP's current staffing levels and workload totals. PEER seeks this information as a part of its ongoing review as to whether the USPP is adequately staffed to carry out its mission. As staff levels among USPP officers

continue to decline, workload for each individual officer has continued to increase, as have officer injuries and assaults against officers.

4. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information.  FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure."  Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

5. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request.  5 U.S.C. § 552(a)(6)(A)(i).   Agencies may extend this time period only in "unusual circumstances" and then only for a maximum of ten additional working days.  5 U.S.C. § 552(a)(6)(B)(i).

6. To date, Defendant has failed to make a determination on whether it will produce any records in response to Plaintiff's August 23, 2016 FOIA request.

7. Defendant's conduct is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request.  USPP is frustrating Plaintiff's efforts to educate the public about how law enforcement staffing in the USPP has changed over recent years and what relationship, if any, is there with the force's workload.

8. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

10. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

11. This Court is a proper venue because Defendant is a government agent that resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the government or a government agent, a civil action may be brought in the district where the defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

12. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

13. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

14. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the PEER newsletter.

15. Defendant, USPP, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

16. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA.  Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## STATEMENT OF FACTS

17. Concerns about shrinking staff levels in the USPP, coupled with an increasing number of assaults on officers and officer injuries prompted PEER to contact USPP for related information. PEER has also received complaints from USPP officers about the declining force levels, despite increasing workloads.

18. On August 23, 2016, PEER requested, by both U.S. first class mail and by fax (for which we received a receipt that the fax went through), records related to the number of sworn USPP officers at each of the USPP's three main locations (New York, San Francisco, and the Washington Metro Area), and a breakdown of annual workload at these locations. Specifically, PEER requested:

    a. *The number of sworn USPP officers based at each of its three main locations (New York, San Francisco and the Washington Metro Area) for each of the calendar years from 2010 to 2016; and*

    b. *The annual workload for those locations as broken down in the Uniform Crime Reports (Part 1, Part 2, Traffic Service Incidents and Vehicle Crash Responses) for each of the calendar years from 2010 to 2016.*

19. Defendant has failed to respond to Plaintiff's FOIA request. Plaintiff has telephoned Defendant's Washington DC Main Office line, Records Office line, and line for FOIA Requests several times prior to the filing of this complaint. The calls were unanswered each time.

20. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant had twenty working days from the date of receipt to respond, or to assert the need for a ten day extension.  *See also* 43 C.F.R. § 2.16.

21. Twenty working days from August 23, 2016 (the date of Plaintiff's request) was September 21, 2016.  As of this January 19, 2017 filing, Plaintiff has not received any records responsive to its August 23, 2016 FOIA request, nor any word from Defendant.

22. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits.  5 U.S.C. § 552(a)(6)(C)(i).  Having fully exhausted its administrative remedies for its August 23, 2016 FOIA request, PEER now turns to this Court to enforce the FOIA's guarantee of public access to agency records, along with the remedies available when an agency withholds that access.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

23. Plaintiff incorporates the allegations in the preceding paragraphs.

24. Defendant's failure to disclose the records requested within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the Department of Interior's regulations promulgated thereunder, 43 C.F.R. § 2.1 *et. seq*.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

   i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on January 19, 2017,

   /s/ Laura Dumais
Laura Dumais, DC Bar # 1024007
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337

*Counsel for Plaintiff*